UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Broadcast Music, Inc.; Stone Diamond Music Corp.; EMI Consortium Songs, Inc. d/b/a EMI Longitude Music; House of Fun Music, Inc.; Spirit One Music, a division of Spirit Music Group, Inc.; Rondor Music International, Inc. d/b/a Irving Music; Boy Meets Girl Music; and Warner-Tamerlane Publishing Corp., <br><br>    Plaintiffs, <br><br> v. <br><br> O'Neal Burroughs, LLC d/b/a Whiskey Beach Bar and Grill; and O'Neal Davis, individually, <br><br>    Defendants. | Civil Action No.: 4:19-cv-00391-RBH-KDW <br><br><br><br><br><br><br><br><br><br> **ORDER** |

This matter is before the Court for consideration of objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends striking the answer of Defendant O'Neal Burroughs, LLC (d/b/a Whiskey Beach Bar and Grill) and entering default against this defendant.[1]  *See* ECF Nos. 36 & 40.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Court is mindful of its duty to liberally construe pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Plaintiffs filed this copyright infringement action against two defendants: (1) O'Neal Burroughs, LLC and (2) O'Neal Davis. Mr. Davis (an individual) filed a pro se answer on behalf of both himself and the other defendant—which is a limited liability company. *See* ECF No. 10. The Magistrate Judge issued two orders informing Mr. Davis that he could not represent O'Neal Burroughs, LLC and providing him over two months to obtain counsel for this artificial entity. *See* ECF Nos. 24 & 30. Because no counsel has appeared, the Magistrate Judge recommends striking O'Neal Burroughs, LLC's answer and entering default against this defendant. *See* R & R [ECF No. 36]. Mr. Davis has filed objections to the R & R, and Plaintiffs have filed a reply to his objections. *See* ECF Nos. 40 & 41.

> It has been the law for the better part of two centuries . . . that a

2

corporation may appear in the federal courts only through licensed
counsel. As the courts have recognized, the rationale for that rule
applies equally to all artificial entities. Thus, . . . the lower courts
have uniformly held that 28 U.S.C. § 1654, providing that "parties
may plead and conduct their own cases personally or by counsel,"
does not allow corporations, partnerships, or associations to appear
in federal court otherwise than through a licensed attorney.

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations omitted). Specifically, limited liability companies cannot proceed pro se in federal court. *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014); *see also* Local Civ. Rule 83.I.07(B) (D.S.C.) (providing that legal entities "may not proceed without counsel").

Having conducted a de novo review, the Court agrees with the Magistrate Judge that Mr. Davis cannot represent O'Neal Burroughs, LLC and that only a licensed attorney can do so. *See, e.g.*, *In re Under Seal*, 749 F.3d at 279, 290 n.17 (noting that although an LLC had just a "sole and managing member," the LLC still "should not have been permitted to proceed pro se at all"). Accordingly, the Court must strike the answer of O'Neal Burroughs, LLC because it cannot proceed pro se.[2]

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 36], **STRIKES** the answer of Defendant O'Neal Burroughs, LLC, and **DIRECTS** the Clerk to enter default against this defendant pursuant to Fed. R. Civ. P. 55(a). **IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
July 30, 2019  R. Bryan Harwell
 Chief United States District Judge

---

[2] In his objections, Mr. Davis asserts he has not consented to disposition by the Magistrate Judge. *See* ECF No. 40 at p. 1 (citing ECF No. 29). However, the Magistrate Judge simply "enter[ed] a *recommended* disposition" pursuant to Fed. R. Civ. P. 72(b)(1) (emphasis added), and this Court has conducted a de novo determination consistent with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3).