IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Broadcast Music, Inc.; Stone Diamond Music Corp.; EMI Consortium Songs, Inc., d/b/a EMI Longitude Music; House of Fun Music, Inc.; Spirit One Music, a division of Spirit Music Group, Inc.; Rondor Music International, Inc., d/b/a/ Irving Music; Boy Meets Girl Music; and Warner-Tamerlane Publishing Corp., ) ) ) ) ) ) ) ) ) | C/A No. 4:19-cv-391-SAL  **OPINION & ORDER** |
| Plaintiffs, ) ) | |
| v.  ) ) | |
| O'Neal Burroughs, LLC, d/b/a Whiskey Beach Bar and Grill and O'Neal Davis, Individually, ) ) ) ) | |
| Defendants. ) _____ ) | |

This matter is before the court for review of the July 22, 2020 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 81.] In the Report, the Magistrate Judge recommends granting Plaintiffs' Motion for Summary Judgment, ECF No. 63. *Id.* Attached to the Report was a Notice of Right to File Objections. [ECF No. 81-1.] Defendants failed to file objections to the Report, and the time for response has lapsed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 81, and incorporates the Report by reference herein.

## CONCLUSION

For the reasons set forth in the Report, ECF No. 81, which is hereby adopted by reference, the court orders as follows:

(1) Plaintiff's Motion for Summary Judgment, ECF No. 63, is **GRANTED**, and summary judgment is entered in Plaintiffs' favor against each Defendant, jointly and severally;

(2) Defendants are permanently **ENJOINED** from further acts of infringement;

(3) Plaintiffs are awarded statutory damages in the amount of $9,012.50; and

(4) Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in the litigation in accordance with 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d). The amount of the award will be set by separate order. Plaintiffs have fourteen (14) days from the date of this order to submit a proper petition for attorneys' fees and costs in compliance with Fed. R. Civ. P. 564(d) and Local Civil Rule 54.02 (D.S.C.).[1] Defendants will thereafter have fourteen (14) days after the filing of any such petition to file any objections they have to the same.

---

[1] The failure to timely file the petition will constitute a waiver of the request for attorneys' fees and costs.

**IT IS SO ORDERED.**

                                                  /s/ Sherri A. Lydon  
                                                  United States District Judge

August 17, 2020  
Florence, South Carolina